UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-04018 JAK (AFMx) | Date | December 30, 2020 |
| Title | Neeta Gayakwad v. RSCR California, Inc., et al | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 11);

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. 10)

JS-6

## I. Introduction

On March 20, 2020, Neeta Gayakwad ("Plaintiff") brought this action in the Los Angeles Superior Court against named Defendants RSCR California, Inc. ("RSCR California"), RSCR Inland, Inc. ("RSCR Inland"), and Res-Care California, Inc. ("Res-Care California"), doing business as RCCS Services (collectively, "Defendants"). *See* Dkt. 1-3 ("Complaint"). The Complaint advances the following causes of action: (i) violations of California's minimum wage laws, Cal. Lab. Code §§ 1194, 1194.2, 1197, and 1197.1; (ii) failure to pay overtime wages, in violation of Cal. Lab. Code §§ 510, 1194, and 1198; (iii) failure to timely pay final wages, in violation of Cal. Lab. Code §§ 201, 202, and 203; (iv) failure to reimburse business expenses, in violation of Cal. Lab. Code §§ 2800 and 2802; (v) failure to furnish complete and accurate wage statements, in violation of Cal. Lab. Code § 226(a); (vi) violation of Cal. Lab. Code § 6310; (vii) violation of Cal. Lab. Code § 232.5; (viii) violation of Cal. Lab. Code § 98.6; (ix) violation of Cal. Lab. Code § 1102.5; (x) constructive discharge in violation of public policy; (xi) breach of contract; (xii) breach of the implied covenant of good faith and fair dealing; (xiii) and violation of the unfair competition law, Cal. Bus. & Prof. Code §§ 17200 et seq. Dkt. 1-3 ¶¶ 36-138.

On May 1, 2020, Defendants removed the action on the basis of diversity jurisdiction. Dkt. 1. On May 18, 2020, Defendants filed a Partial Motion for Judgment on the Pleadings. Dkt. 10 (the "Motion for Partial Judgment"). Plaintiff filed an opposition (the "Opposition to Partial Judgment" (Dkt. 15)) on June 8, and Defendants filed a reply on June 22. Dkt. 18 (the "Partial Judgment Reply").

On May 18, 2020, Plaintiffs filed a Motion for Remand to State Court. Dkt. 11 (the "Motion to Remand"). In connection with the Motion, Plaintiffs filed a Request for Judicial Notice. Dkt. 11-3 (the "RFN"). Defendants filed an opposition (the "Opposition to Remand" (Dkt. 16)) on June 8, and Plaintiff filed a reply on June 22. Dkt. 21 (the "Remand Reply"). Plaintiff also filed evidentiary objections to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04018 JAK (AFMx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Neeta Gayakwad v. RSCR California, Inc., et al | | |

declaration Defendants submitted in opposition to the Motion to Remand. Dkt. 21-1 (the "Evidentiary Objections").

The Motions were heard on October 19, 2020, and were taken under submission. For the reasons stated in this Order, the Motion to Remand is **GRANTED**, and this action is remanded to the Los Angeles County Superior Court at its Stanley Mosk Courthouse. Plaintiff's RFN is **GRANTED-IN-PART** and **DENIED-IN-PART**, and Plaintiff's Evidentiary Objections are **MOOT**.

**II.     Factual Background**

   A.     Parties

Plaintiff is a resident of Los Angeles County. Dkt. 1-3 ¶ 2.

It is alleged that RSCR California is a Delaware corporation that conducts business in Los Angeles County, and acts as an employer there. *Id.* ¶ 3. It is further alleged that RSCR Inland is a California corporation that conducts business in Los Angeles County. *Id.* ¶ 4. Finally, it is alleged that Res-Care California is a Delaware corporation that conducts business in Los Angeles County. *Id.* ¶ 5. It is alleged that all three Defendants "employed" Plaintiff within the meaning of all applicable laws and statutes, including the applicable Industrial Wage Commission Order. *Id.* ¶ 7.

   B.     Substantive Allegations in the Complaint (Dkt. 1-2)

It is alleged that Defendants provide in-home and daily living support for individuals with disabilities, and that they own and operate intermediate care facilities. *Id.* ¶ 12. The Complaint alleges that Plaintiff was employed as a "Qualified Intellectual Disability Professional" (QIDP), a non-exempt position, between July 1, 2018 and May 10, 2019. *Id.* ¶ 13. It also alleges that during her tenure, she was an "objectively outstanding employee" who "exceeded job expectations." *Id.* ¶ 15.

It is alleged that Defendants violated California wage and hour laws by failing to pay Plaintiff the applicable minimum wage and applicable overtime wage rate. *Id.* ¶¶ 16-18. It is further alleged that Plaintiff worked "many overtime hours" without compensation. *Id.* ¶ 18. Next, it is alleged that Plaintiff was not timely paid all wages owed when her employment ended, *id.* ¶ 19; that she was not reimbursed for necessary business-related expenses, including gas, mileage, and data usage on her cellphone, *id.* ¶ 20; and that she did not receive complete and accurate wage statements. *Id.* ¶ 21.

It is further alleged that Defendants discriminated and retaliated against Plaintiff for her opposition to illegal activities. It is alleged that patients at Defendant's intermediate care facilities require 24-hour care, and that employees who work the night shift must not leave the patients unattended. *Id.* ¶ 24. It is alleged that Plaintiff, who was responsible for monitoring night shift employees, discovered that one employee would leave her patients "completely unattended… for hours." *Id.* ¶ 25-26. It is alleged that Plaintiff reasonably believed that this conduct violated the California Health and Safety Code. *Id.* ¶ 26.

It is alleged that on or around April 25, 2019, Plaintiff visited the other employee's assigned facility during the night shift and discovered that the employee was not present. *Id.* ¶ 27. It is next alleged that Plaintiff promptly informed Defendants of this unsafe environment at the facility, but that a human

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04018 JAK (AFMx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Neeta Gayakwad v. RSCR California, Inc., et al | | |

resources representative told Plaintiff not to worry about it. *Id.* ¶ 28. It is further alleged that Defendants conducted a meeting with the absent employee on or around April 26, 2019, but that Plaintiff was not invited to attend. *Id.* ¶ 29. Plaintiff alleges that this was "contrary to protocol" and shows that Defendants were "not conducting a proper investigation." *Id.*

On or around April 29, 2019, it is alleged that Plaintiff discovered that the absent employee was still working for Defendants and had again left patients unattended during another night shift. *Id.* ¶ 30. On or around April 30, 2019, it is alleged that Plaintiff made a formal complaint to the California Department of Public Health about this conduct, and that she was subsequently suspended without pay. *Id.* ¶¶ 31-32. It is further alleged that this suspension was indefinite, and that Defendants refused to provide Plaintiff with information as to when it would end, or whether she could use her accrued sick time during the suspension. *Id.* ¶ 33. Finally, it is alleged that this created an intolerable working environment, leading Plaintiff to leave her employment with Defendants on May 10, 2019. *Id.* ¶ 34.

    C.    Allegations in the Notice of Removal (Dkt. 1)

Defendants allege that RSCR Inland "has no employees, in California or elsewhere," and that its "primary purpose" is to hold the license for six healthcare facilities. Dkt. 1 ¶ 20. Defendants allege that Plaintiff "never worked at or provided services for any of those facilities." *Id.*

In support of this contention, Defendants submitted the Declaration of Cynthia Eisenmenger, the Vice President of Cash Disbursements for Res-Care, Inc. Dkt. 1-2 (the "First Eisenmenger Declaration"). Eisenmenger declares that Res-Care, Inc. is the parent company of RSCR California. *Id.* ¶ 1. Eisenmenger further states that neither Res-Care California nor RSCR Inland employed Defendant. *Id.* ¶¶ 4, 6. She states that RSCR Inland has no employees and exists only to hold licenses for six healthcare facilities in California, and that Plaintiff did not work at or provide services to those facilities. *Id.* ¶ 7. Eisenmenger identifies Plaintiff's employer as RSCR California. *Id.* ¶ 8.

Defendants also state that Plaintiff is not an exempt employee, and that she earned a yearly salary that ranged from $45,760 in 2018 to $49,920 in 2019. Dkt. 1 ¶ 30. Based on these figures, Defendants conclude that the Complaint puts more than $130,000 in controversy. *Id.* ¶¶ 31-63. These amounts are also supported by the Eisenmenger Declaration. Dkt. 1-2 ¶¶ 9-11. Defendants also note that Plaintiff's prayer for emotional distress damages, attorney's fees, and punitive damages increases the amount in controversy. Dkt. 1 ¶¶ 64-69.

**III.**    <u>**Evidentiary Issues**</u>

    A.    Plaintiff's Request for Judicial Notice

Plaintiff's RFN seeks judicial notice of documents pertaining to RSCR Inland and which were prepared by California state agencies. Dkt. 11-4 at 1-78. These documents are a proper subject of judicial notice under Fed. R. Evid. 201(b)(2), because they may be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

The RFN also seeks judicial notice of a Declaration submitted by Cynthia Eisenmenger in a separate proceeding. Dkt. 11-4 at 79-83. "As a general rule, a court may not take judicial notice of proceedings

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04018 JAK (AFMx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Neeta Gayakwad v. RSCR California, Inc., et al | | |

or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983). Therefore, although the fact that the Declaration was filed may be considered, its contents are not a proper subject of judicial notice. *See Urrutria v. Chipotle Mexican Grill, Inc.*, No. CV 16–02065–BRO (MRWx), 2017 WL 2901717, at *3 (C.D. Cal. Jun. 16, 2017) (declining to take judicial notice of facts contained in declaration filed in another action).

For the foregoing reasons, the Request for Judicial Notice is **GRANTED-IN-PART** and **DENIED-IN-PART**.

  B.  Evidentiary Objections to the Rojas Declaration

Plaintiff also submitted Evidentiary Objections to the Declaration of Serena Rojas (the "Rojas Declaration" (Dkt. 16-1)). The primary objection is that the proffered testimony lacks foundation. Although the statements in the Rojas Declaration are relevant to the issues presented by the Motion to Remand, they are not determinative. Therefore, Plaintiff's Evidentiary Objections need not be considered, and are **MOOT.**

**IV.**  **Motion to Remand**

  A.  Positions of the Parties

As noted, Defendants removed this action on the basis of diversity jurisdiction. Although RSCR Inland is a California corporation and Plaintiff is a citizen of California, Defendants argue that, because RSCR Inland was fraudulently joined, its citizenship should be disregarded for purposes of determining diversity jurisdiction.

Plaintiff argues that RSCR Inland is a proper defendant, thereby precluding diversity jurisdiction. Plaintiff argues that RSCR Inland qualifies as an employer under California law, either because it is a joint employer with Rescare or because it qualifies as an integrated enterprise with Rescare. In support of these contentions, Plaintiff argues that RSCR Inland necessarily exercised control over various aspects of Plaintiff's employment to maintain its license. Plaintiff also relied on her declaration, Dkt. 11-2 (the "Gayakwad Declaration"), in which she declares that she worked at facilities for which RSCR Inland held a license. *Id.* ¶ 2. Plaintiff also declares that other QIDPs would fill in at these facilities. *Id.* ¶ 3. In addition to the evidence as to licensing, Plaintiff presents various personnel policies and other materials she received during her employment. She argues that they support the view that RSCR Inland controlled her employment. Plaintiff also argues that the affiliation of RSCR Inland and Res-Care, Inc., the parent company of RSCR California and Res-Care California, qualifies it as an integrated enterprise with Plaintiff's direct employer.

In response, Defendants argue that RSCR Inland's status as a licensing entity for certain properties does not establish that RSCR Inland exercised any control over those properties. Defendants also submitted the Rojas Declaration, in which she declares that Plaintiff never filled in at any RSCR Inland facility.

Defendants argue that RSCR Inland does not satisfy the "suffer or permit to work" standard for two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04018 JAK (AFMx) | | Date | December 30, 2020 |
|---|---|---|---|---|
| Title | Neeta Gayakwad v. RSCR California, Inc., et al | | | |

reasons. *First*, Plaintiff does not identify any RSCR Inland employees who approved her request to fill in at the Rosewood Home. *Second,* RSCR Inland has no authority over the workers at the Rosewood Home, and for this reason it could not prevent Plaintiff from working. Defendants also argue that Plaintiff has not provided evidence that her activities were ever controlled by Inland. They argue that Plaintiff has declined to allege specific individuals who supervised her performance because if she did so, it would be apparent that these workers were employed by RSCR California. They also contend that Plaintiff's evidence as to personnel policies and similar documents only shows that RSCR California's parent company is Rescare. As to the integrated enterprise theory of liability, Defendants argue that it depends on imputing control exercised by Rescare to RSCR Inland, its subsidiary. Defendants also argue that the only integrated enterprise factors Plaintiff has addressed are common management and common ownership, which are generally considered to be the least important ones.

In the Reply, Plaintiff disputes Defendants' assertion that she never worked at RSCR Inland. In support of this position, she attaches copies of text messages between her and Rojas where she states that she will be filling in at an RSCR Inland-licensed facility. Dkt. 21-4 at 5.

    B.    Legal Standards

        1.    <u>Diversity Jurisdiction</u>

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction is presented when the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

A person is a citizen of the state where he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...." 28 U.S.C. § 1332(c)(1).

For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). If it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove that amount by a preponderance of the evidence. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996)).

The removing party cannot rely on a statement that on its "information and belief" the amount in controversy exceeds the jurisdictional amount. *Valdez*, 372 F.3d at 1117. Rather, the removing party must provide evidence establishing that it "is more likely than not" that the amount in controversy exceeds $75,000. *Id.* The removing party may present "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (quoting *Matheson*, 319 F.3d at 1090).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04018 JAK (AFMx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Neeta Gayakwad v. RSCR California, Inc., et al | | |

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed, and any doubt as to the appropriateness of removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (internal citations omitted).

      2.      <u>Fraudulent Joinder</u>

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

This standard imposes a "heavy burden" on the party asserting fraudulent joinder. *Hunter*, 582 F.3d at 1046. Although the test is similar to the one that applies under Fed R. Civ. P. 12(b)(6), the Ninth Circuit recently clarified that it is more appropriately compared to the "wholly insubstantial and frivolous" standard for dismissing claims for lack of federal question jurisdiction. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). *See also Davis v. Prentiss Props. Ltd., Inc.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) ("[A] federal court's fraudulent-joinder consideration should be akin to an application of Rule 11.").

Under this stringent standard, the plaintiff's failure to state a claim must be "obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (citation omitted). Furthermore, the district court "must consider… whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare, LLC*, 889 F.3d at 550. *See also Arteaga v. FCA US LLC*, No. CV 20-2702-DMG (PJWx), 2020 WL 2857488, at *2 (C.D. Cal. Jun. 2, 2020) (district court evaluating case removed from California state court should consider "California's liberal amendment standard"); *Ontiveros v. Michaels Stores, Inc.*, No. CV 12–09437 MMM (FMOx), 2013 WL 815975, at *4-5 (C.D. Cal. Mar. 5, 2013) ("Essentially, defendants must show that plaintiff cannot assert a claim against the non-diverse party as a matter of law... the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies.").

Although the defendant asserting federal jurisdiction "is entitled to present the facts showing the joinder to be fraudulent[,]" *McCabe*, 811 F.2d at 1339, the Ninth Circuit has explained that the fraudulent joinder inquiry should not turn on complex factual disputes. Rather, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015) (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc)). Thus, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04018 JAK (AFMx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Neeta Gayakwad v. RSCR California, Inc., et al | | |

### 3. Employer Status Under California Law

#### a) "Employer" Status under the California Labor Code

"The definition of an 'employer' for minimum wage purposes is provided in the orders of California's Industrial Welfare Commission ('IWC'), rather than common law." *Ochoa v. McDonald's Corp.*, 133 F. Supp. 3d 1228, 1232 (N.D. Cal. 2015) (citing *Martinez v. Combs*, 49 Cal. 4th 35 (2010)). The IWC's wage orders set forth three definitions of "employment": (i) to "suffer or permit to work"; (ii) to "exercise control over the wages, hours, or working conditions of any person"; and (iii) to "engage" to work, thereby incorporating "the common law definition of employment as an alternative definition." *Dynamex Operations W. v. Superior Court*, 4 Cal. 5th 903, 937-38 (2018) (citing *Martinez*, 49 Cal. 4th at 57-64). The question whether there is an employment relationship by applying these tests "is generally a question reserved for the trier of fact." *Mattei v. Corp. Mgmt. Solutions, Inc.*, 52 Cal. App. 5th 116, 123 (2020).

Under the "suffer or permit to work" standard, the "basis of liability is the defendant's knowledge of and failure to prevent the work from occurring." *Martinez*, 49 Cal. 4th at 70. Where the putative employer has no right to prevent an individual from working, no employment relationship can be shown. *Henderson v. Equilon Enters., LLC*, 40 Cal. App. 5th 1111, 1122 (2019).

The "control" standard, "has no clearly identified, precisely literal statutory or common law antecedent." *Guerrero v. Superior Court*, 213 Cal. App. 4th 912, 947 (2013) (quoting *Martinez*, 45 Cal. 4th at 59). However, the reference under this standard to "wages, hours, *or* working conditions" permits a finding of joint employer status when "multiple entities control different aspects of the employment relationship." *Id.*  Thus, control over any of these three conditions of work "creates an employment relationship." *Duffey v. Tender Heart Home Care Agency, LLC*, 31 Cal. App. 5th 232, 254 (2019).

#### b) Integrated Enterprise Test

When a plaintiff asserts that two companies controlled working conditions, California courts have also looked to the "integrated enterprise" test developed by federal courts in the context of Title VII. *See Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737-40 (1998). This test examines four factors: "interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control." *Id.* at 737.

"Common ownership or control alone is never enough to establish single employer liability, and courts often deem centralized control of labor relations the most important factor." *Mathews v. Happy Valley Conf. Ctr, Inc.*, 43 Cal. App. 5th 236, 248 (2019). "The critical question is, [w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?." *Laird*, 68 Cal. App 4th at 737.

### C. Application

The Notice of Removal adequately alleges that the amount in controversy exceeds $75,000, a matter that Plaintiff does not dispute. Dkt. 1 ¶¶ 29-71. The parties agree that Plaintiff is a citizen of California. Dkt. 1 ¶ 11; Dkt. 11 at 6; The parties also agree that RSCR Inland is a citizen of California. Dkt. 1 ¶ 16;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04018 JAK (AFMx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Neeta Gayakwad v. RSCR California, Inc., et al | | |

Dkt. 11 at 6. Therefore, the question as to whether there is diversity jurisdiction is whether RSCR Inland has been fraudulently joined, thereby warranting that its citizenship be disregarded.

        1.       <u>Whether Plaintiff has Sufficient Contacts with RSCR Inland</u>

Defendants have made a threshold objection to Plaintiff's arguments that RSCR Inland may be held liable for the alleged wage violations. Thus, they contend that Plaintiff never worked at any facilities for which RSCR Inland held the license, and that the allegation that Plaintiff briefly filled in at the Rosewood Home has no relevance to her legal claims. Dkt. 16 at 11-12; Dkt. 16-1 ¶ 18. These arguments are not persuasive.

Although Defendants contend that Plaintiff never worked at Rosewood, Plaintiff has disputed these assertions and provided contrary evidence. Although "it is blackletter law that the defendant is entitled to present facts showing the joinder to be fraudulent," *In re Girardi*, 611 F.3d 1027, 1066 n.51 (9th Cir. 2010) (citing *Morris*, 236 F.3d at 1067), "disputed questions of fact" are generally resolved in the plaintiff's favor. *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003) (quoting *Soo v. United Parcel Serv., Inc.*, 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001)). *Cf. Grancare, LLC*, 889 F.3d at 548 (ruling fraudulent joinder is appropriate "where a defendant presents extraordinarily strong evidence"); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.").

Similarly, although Defendants argue that the Rosewood Home is irrelevant to Plaintiff's claims, the wage claims span the entire period of Plaintiff's employment, including when she allegedly worked at the Rosewood Home. If RSCR Inland were found to be a joint employer or an integrated enterprise with Rescare, it could have liability for any wage claims arising out of work performed during this period.

For the foregoing reasons, the merits of the relevant employment tests are considered.

        2.       <u>Joint Employer Standard</u>

To show that RSCR Inland has been fraudulently joined, Defendants must show that there is no possibility Plaintiff can prevail on a joint employer theory. They have not met this heavy burden.

The parties agree that RSCR Inland holds the license for several intermediate care facilities, including the Rosewood Home. Rojas states that a license is "essentially permission from the California Department of Public Health to act as a care facility." Dkt. 16-1 ¶ 20. Plaintiff has presented evidence that under the applicable licensing regime, RSCR Inland was required to comply with numerous state and federal regulations, including those that specifically regulate QIDPs. Based on this evidence, Plaintiff argues that, to ensure compliance, RSCR Inland necessarily exercised control over her employment, thereby establishing that it had knowledge of, and the ability to prevent her from working.

Defendants contend that the status of RSCR Inland as a license-holder is not material to the analysis. However, such a determination is not sufficiently clear from the present record. Under the applicable California regulations, an intermediate care facility cannot operate unless it has obtained a license. CAL. CODE REGS. tit. 22, § 73201(a) ("No person, firm, partnership, association, corporation, political subdivision of the State or other governmental agency within the State, shall operate, establish,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04018 JAK (AFMx) | | Date | December 30, 2020 |
|---|---|---|---|---|
| Title | Neeta Gayakwad v. RSCR California, Inc., et al | | | |

manage, conduct or maintain an intermediate care facility in this State or claim to operate an intermediate care facility, without first obtaining a license from the Department."). The licensee is responsible for "compliance with licensing requirements and for the organization, management, operation and control of the licensed facility." *Id.* § 73501. Having a license is also a prerequisite to make the facility eligible to provide care to Medicaid patients. *See* 42 C.F.R. § 483.410(e) ("The facility must be licensed under applicable State and local law.").

To maintain its license, a facility must comply with many other California regulations. CAL. CODE. REGS., tit. 22, § 73233(a)(1) (State Department of Health Services "may suspend or revoke the license of any facility" if the licensee violates "any of the regulations promulgated by the Department contained in this chapter"). These include staffing standards for intermediate care facilities including as to hours worked. *See, e.g.*, CAL. CODE. REGS., tit. 22, § 73419, *id.* § 73427, *id.* § 73435. These regulations also mandate training for staff. *See, e.g.*, *id.* § 73421, § 73429, § 73437. Furthermore, California law provides that a licensee who violates them may be subject to both injunctive relief and damages. CAL. HEALTH & SAFETY CODE § 1430.[1] As a condition to participate in Medicaid, federal regulations impose similar staffing requirements, and also mandate training for employees. 42 C.F.R. § 483.430(c)(2); *id.* § 483.430(e)(1).

In addition to the specific duties imposed on licensed intermediate care facilities, California law imposes general, nondelegable duties of compliance on license-holders. *See Ford Dealers Ass'n v. Dept. of Motor Veh.*, 32 Cal. 3d 347, 360 (1982) ("By virtue of the ownership of a ... license[,] such owner has a responsibility to see to it that the license is not used in violation of law.") (quoting *Cornell v. Reilly*, 127 Cal. App. 2d 178, 186-87 (1954)). The California Supreme Court has explained that the doctrine gives licensees "strong incentives to ensure that their… [agents'] conduct conforms to law." *Cal. Ass'n of Health Facilities v. Dept. of Health Servs.*, 16 Cal. 4th 284, 296 (1997).

When the detailed licensing regulations are considered in conjunction with the nondelegable duties imposed by California law, Defendants' argument that holding a license is without significance to the present, jurisdictional analysis, is not persuasive. The nature of compliance by RSCR Inland with these duties presents an issue of fact that cannot be resolved in the context of a motion to remand. *Cf. Allen*, 784 F.3d at 634 (complex issues of fact suggest that the burden of showing fraudulent joinder cannot be met); *Guerrero*, 213 Cal. App. 4th 912, 940 (2013) (demurrer reversed when "many of the 'facts' regarding the particular… [services performed] and the specific tasks performed by [Plaintiff] are unknown at this stage of the proceeding").

Defendants also argue that the holding of a license does not confer employer status, relying on several cases regarding liquor licenses. *Helmick v. Dave & Buster's, Inc.*, No.: SACV 18–00142–CJC(GJSx), 2018 WL 1322110 (C.D. Cal. Mar. 14, 2018); *Associated Creditors' Agency v. Davis*, 13 Cal. 3d 374 (1975). This argument also lacks force. Plaintiff has not argued that simply holding a license makes RSCR Inland an employer. Rather, Plaintiff argues that the requirements of this particular license require RSCR Inland to exercise control over QIDPs like Plaintiff. The cases Defendants cite are factually distinguishable, because they rely on the more limited responsibilities imposed by liquor licenses. *See, e.g.*, *Helmick*, 2018 WL 1322110, at *4 ("The fact that [the putative employer] had a right

---

[1] This law applies to all "long-term health care facilities," a term that includes intermediate care facilities. See Cal. Health & Safety Code § 1418.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-04018 JAK (AFMx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Neeta Gayakwad v. RSCR California, Inc., et al | | |

to control the manner in which alcohol was served….is not a broad right to control that includes personnel decisions regarding Plaintiff's medical leave and termination."). Furthermore, these cases offer limited guidance because they did not involve the expansive "suffer or permit to work" test. *Helmick*, 2018 WL 1322110, at *4-*5 (discussing "totality of the circumstances" test under Fair Employment and Housing Act); *Associated Creditors' Agency*, 13 Cal. 3d at 379 (discussing contract liability for licensee under principles of agency law).

Defendants next contend that, because RSCR Inland has no employees, it could not exercise control over Plaintiff as an employee. However, that RSCR Inland has no direct employees does not preclude its corporate officers from exercising control over another entity or its personnel. *See Castaneda v. Ensign Group, Inc.*, 229 Cal. App. 4th 1015, 1017-18 (2014) (a "corporation with no employees" may be a joint employer if it "exercises some control" over related corporation with employees). Furthermore, as the Ninth Circuit has recognized, the "suffer or permit to work" is commonly applied "when a staffing agency, as the primary employer, supplies employees to another entity or person." *Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1031 (9th Cir. 2019). That is analogous to what is presented here, where Plaintiff alleges that RSCR Inland relied on RSCR California workers to fill out its workforce.

Finally, Defendants' reliance on "the fundamental principle that corporations exist as separate entities," Dkt. 16 at 19, is misplaced. To prevail on a joint employer theory of liability, Plaintiff need not establish that RSCR Inland's corporate form should be disregarded. Rather, it is enough for Plaintiff to show that RSCR Inland could exercise control over wages, hours, or working conditions. As the California Supreme Court has recognized, this test permits liability when "multiple entities control different aspects of the employment relationship." *Martinez*, 49 Cal. 4th at 76. *See also Curry v. Equilon Enters., LLC*, 23 Cal. App. 5th 289, 311 (2018) (test is meant to reach "person[s]…not employed in a traditional master/servant relationship"). As noted above, the licensing regulations suggest that RSCR Inland, to maintain its license, may have exercised at least some degree of control. This is sufficient to show that Plaintiff is not foreclosed from recovering against RSCR Inland.

\*      \*      \*

For the foregoing reasons, Defendants have not carried their burden to show that Plaintiff cannot recover against RSCR Inland based on a joint employer theory of liability. Therefore, it is not necessary to address the application of the integrated enterprise test. Because the citizenship of RSCR Inland cannot be disregarded, there is no complete diversity, and no corresponding federal jurisdiction.

**V.    Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**, Plaintiff's RFN is **GRANTED-IN-PART** and **DENIED-IN-PART**, and Plaintiff's Evidentiary Objections are **MOOT**. Because there is no subject matter jurisdiction, Defendants' Motion for Judgment on the Pleadings cannot be addressed. This action is **REMANDED** to the Los Angeles Superior Court at its Stanley Mosk Courthouse, Case No. 20STCV11318.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-04018 JAK (AFMx) | Date | December 30, 2020 |
| Title | Neeta Gayakwad v. RSCR California, Inc., et al | | |

                                                                                                                    :

Initials of Preparer     tj